**Mayerson & Hartheimer, PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor[1]
New York, NY 10022
Tel: (646) 778-4381
Fax: (646) 778-4384
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Proposed Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RM BAKERY LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No. 20-11422 |
| In re:<br><br>BKD GROUP LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No. 20- 11423 |

**DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT**
**ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned proposed counsel, submit this motion (the "Motion") for entry of an order substantially in the form submitted herewith (i) directing the joint administration of these chapter 11 cases for procedural purposes only, and (ii) authorizing the Debtors to file a consolidated list of top twenty creditors. In support of this Motion, the

---

[1] During the coronavirus pandemic, please address all mail to: 48 Seneca Street, Dobbs Ferry, NY 10522.

Debtors submit the *Declaration of Mark Rimer Pursuant to Local Bankruptcy Rule 1007-2 in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith, and respectfully state as follows:

**JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is rule 1015(b) of the Bankruptcy Rules.

**BACKGROUND**

3. On June 15, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code"), commencing the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases," and each, a "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York.

4. The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Cases.

5. A detailed description of the Debtors' business and the facts surrounding the commencement of the Chapter 11 Cases is set forth in the First Day Declaration, which is

incorporated herein by reference.

## **RELIEF REQUESTED**

6. By this Motion, the Debtors request entry of an order directing the joint administration of their Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for the jointly-administered cases.

7. The Debtors propose to designate the Chapter 11 Case of RM Bakery LLC as the main bankruptcy case.

8. Accordingly, the Debtors request that the Chapter 11 Cases be administered under the following consolidated caption:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| RM BAKERY LLC, *et al.*,[2] | Case No. 20-____  (____) |
| Debtors. | (Jointly Administered) |

9. The Debtors also request that a docket entry be made in each of the above-captioned cases, substantially similar to the following, to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of RM Bakery LLC and BKD Group LLC. All further filings and docket entries shall be made in the chapter 11 case of RM Bakery LLC, Case No. 20-_____ (___).

---

[2] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: RM Bakery LLC (7954) and BKD Group LLC (0642).

10. The Debtors request authority to file a single consolidated list of top 20 creditors in each of the Chapter 11 Cases.

**BASIS FOR RELIEF**

11. Bankruptcy Rule 1015(b) provides that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors in these Chapter 11 Cases are RM Bakery LLC and BKD Group LLC. The Debtors are "affiliates" as defined under section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b), in that RM Bakery LLC is wholly owned by BKD Group LLC.

12. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).

13. Section 105(a) of the Bankruptcy Code also provides the Court with the power to grant the relief requested herein. Specifically, section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. These Chapter 11 Cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors, their estates, and the Court.

15. The Debtors anticipate that numerous notices, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in the filing and service of numerous

duplicative pleadings. Such duplication of substantially identical documents would be wasteful.

16. Joint administration will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each Chapter 11 Case will be apprised of the various matters before the Court in the Chapter 11 Cases.

17. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Chapter 11 Cases because each creditor may still file its claim against a particular Debtor. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

18. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified if the cases are jointly administered as requested herein.

19. Finally, the Debtors submit that filing a single top 20 consolidated list of creditors in each of the Chapter 11 Cases is an efficient use of estate resources and will not impact or prejudice the rights of any party.

## **NO PRIOR REQUEST**

20. No previous motion for the relief sought herein has been made to this or to any other court.

## NOTICE

21.     Notice of this Motion has been given to (i) the Office of the United States Trustee for the Southern District of New York; (ii) Counsel to the Debtors' secured lenders, Pacific Western Bank and Mayrich Capital LLC; (iii) the Debtors' proposed DIP Lender, FS Lenders 2015 LLC, (iv) the Internal Revenue Service, (v) the United States Attorney for the Southern District of New York, (vi) the Debtors' twenty largest unsecured creditors on a consolidated basis, and (vii) all parties entitled to notice under Local Bankruptcy Rule 9013(b). In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that this Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated: June 17, 2020
         New York, New York

>                        MAYERSON & HARTHEIMER, PLLC
>
> By:     s/ Sandra E. Mayerson
>         .
>         Sandra E. Mayerson, Esq.
>         David H. Hartheimer
>         Mayerson & Hartheimer, PLLC
>         845 Third Avenue, 11th Floor
>         New York, NY 10022
>         Tel: (646) 778-4381
>         Fax: (646) 778-4384
>         sandy@mhlaw-ny.com
>         david@mhlaw-ny.com
>
> *Proposed Counsel for Debtors and Debtors in Possession*