UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: RM BAKERY LLC, et al., Debtors
…………………………………………….. x   Chapter 11
BELDOTTI BAKERIES LLC,
MICHAEL BELDOTTI and
CHRISTOPHER BELDOTTI                :   Case No. 20-11422 (MG)
                                        Jointly Administered
    Plaintiffs                     :

       v.                          :   ADVERSARY DOC. NO.

RM BAKERY LLC                       :

    Defendant
…………………………………………  x

## COMPLAINT

## COUNT ONE: BELDOTTI BAKERIES LLC

1. The plaintiff Beldotti Bakeries LLC was and is at all times hereinafter referred to a foreign limited liability company formed and existing under the laws of the State of Connecticut and residing therein and registered to do business in the State of New York.

2. The plaintiff Michael Beldotti was and is at all times hereinafter referred to as a resident of the State of Connecticut.

3. The plaintiff Christopher Beldotti was and is at all times hereinafter referred to as a resident of the State of Connecticut.

4. On information and belief and at all times hereinafter referred to, the defendant RM Bakery LLC, was a foreign limited liability company formed under the laws of the State of Delaware and registered to do business in the State of New York in the County of Queens.

1

5. This is an action under 11 U.S.C.A. Sec. 727(c) objecting to the discharge of the defendant Debtor RM Bakery LLC. The court has jurisdiction of this case pursuant to 28 U.S.C.A. Section 1334.

6. Proper grounds exist for denial of the discharge to the Debtor and plaintiffs object to granting of discharge of the Debtor, particularly as to the Debt of the defendant to the plaintiffs as described below.

7. On or about July 31, 2018, the plaintiff Beldotti Bakeries LLC as seller, and the defendant RM Bakery LLC as purchaser, entered into a written asset purchase agreement (hereinafter referred to as "the APA") for the purchase of the assets of the plaintiff's wholesale bakery which was doing business under the name Good Bread Bakery a copy of the executed APA with executed attachments is attached hereto as Exhibit 1.

8. Pursuant to Article 2.1(b) of the APA, the defendant was to make deferred payments totaling $125,000.00 to the plaintiff Beldotti Bakeries LLC beginning 30 days after the closing that took place on July 31, 2018.

9. Pursuant to Article 2.2 of the APA the above referenced deferred payment was to be paid in 24 equal monthly installments in the amount of $5,208.33 starting on August 30, 2018.

10. Article 2.2 of the APA provides that if the plaintiff Beldotti Bakeries LLC did not receive any payment within 10 days after the due date thereof the defendant shall pay to the plaintiff a late charge equal to 5% of the overdue payment.

11. Article 2.2(c) of the APA provides that should defendant fail to timely make three payments to the plaintiff Beldotti Bakeries LLC than within eighty days after receipt of written notice to the defendant from the plaintiff that such monthly payment has not been

2

received, that all remaining monthly installments due on the deferred amount shall become due and payable immediately to plaintiff.

12. The defendant only made three monthly installment payments in the amount of $5,208.33 to the plaintiff Beldotti Bakeries LLC and failed to make any other installment payments due, leaving a balance due in the amount of $109,375.01 as to the deferred payment plus late charges of 5% on each late monthly installment.

13. On October 25, 2019 the plaintiff Beldotti Bakeries LLC, pursuant to Articles 2.2(c) and 9.3 of the APA, duly notified the defendant of the default for its failure to timely make three of the installment payments, which notice was provided to the defendant more than 80 days ago.

14. Pursuant to Articles 2.2(c) and 9.3 of the APA, the entire balance of the deferred payment in the amount of $109,375.00 is now due and owing, plus as of October 25, 2019 late charges in the amount $3,125.04.

15. Article 9.6 of the APA provides that in any proceeding to enforce the terms of the agreement the prevailing party shall be awarded reasonable attorneys' fees in connection with such enforcement proceeding, which the plaintiff is hereby claiming in this proceeding.

16. Pursuant to Article 2.1(c) of the APA the defendant was to pay the plaintiff Beldotti Bakeries LLC the sum of $525,000.00 pursuant to a written promissory note adjusted and payable pursuant to Article 2.3 of the APA. Article 2.3 provided inter alia, that the note amount shall be paid in sixty monthly installments beginning 30 days after the closing that took place of July 31, 2018.

17. On or about July 31, 2018, pursuant to Articles 2.1(c) and 2.3 of the APA the

defendant executed a non-negotiable promissory note, whereby defendant promised to pay to the plaintiff Beldotti Bakeries LLC the sum of $525,000.00 pursuant to the conditions stated in Articles 2.1 and 2.3 of the APA, with interest at the rate of 6.0% per annum (the "$525,000.00 Note").

18. Plaintiff is the holder of the $525,000.00 Note.

19. Section 7 of the $525,000.00 Note provides that if the plaintiff Beldotti Bakeries LLC did not receive any payment within 10 days after the due date the defendant shall pay to said plaintiff a late charge equal to 5% of the overdue payment.

20. Section 8 of the $525,000.00 Note provides that should defendant fail to timely make three payments to the plaintiff Beldotti Bakeries LLC, than within eighty days after receipt of written notice by the defendant from the plaintiff that such monthly payment had not been received, then the defendant shall immediately pay the full amount of all unpaid principal, any and all accrued interest, and any other amounts due under the note, including all of plaintiff's costs of collection and reasonable attorney's fees.

21. The defendant made payments totaling $23,000 to the plaintiff Beldotti Bakeries LLC and failed to make any other payments that were justly due.

22. Pursuant to section 8 of the $525,000.00 Note, the plaintiff Beldotti Bakeries LLC on October 25, 2019 duly notified the defendant of its default for failing to timely make the three payments, which notice was more than 80 days ago.

23. Pursuant to section 8 of the $525,000.00 Note, the entire unpaid balance of principal in the amount of $502,500.00 is now due and payable as of this date, along with: (i) accrued interest in the amount of $53,248.78, with interest continuing hereafter, (ii) late charges of $4,500.00, and (iii) plaintiff's costs for collection, including

reasonable attorney's fees.

24. Despite due demand for payment the defendant has failed to pay the above amounts claimed due.

25. Article 5.7 of the APA provides with regard to "[s]olvency" that, "[p]urchaser is not entering into the Transaction with the intent to hinder, delay or defraud any person to which it is, or may become, indebted. Purchaser's assets, at a fair valuation, exceed its liabilities, and Purchaser is able, and will continue to be able after the Closing of the Transaction, to meet its debts as they mature, including but not limited to the Deferred Amount and the Note Amount, and will not become insolvent as a result of the Transaction. After the Closing of the Transaction, Purchaser will have sufficient capital and property to meet all of its obligations in the ordinary course and in an orderly manner."

26. Defendant knew at the time of making the above representations in Article 5.7 of the APA that Defendant was heavily in debt and that the defendant falsely and fraudulently for the purpose and intention of deceiving and defrauding the plaintiff, Beldotti Bakeries LLC failed to inform the plaintiff that it did not have sufficient capital and property to meet all of its obligations in the ordinary course and in an orderly manner, that its assets did not exceed its liabilities at a fair valuation and would not be able to after the closing to meets its debts as they mature including those to the plaintiff Beldotti Bakeries LLC and that it would not be solvent as a result of the APA.

27. The representations made in Article 5.7 by the defendant was made in order to induce the plaintiff Beldotti Bakeries LLC to enter into the APA in which the defendant received the plaintiff's wholesale bakery business doing business as Good Bread Bakery.

28. On the filing of defendant's schedules and bankruptcy pleadings which include the defendant's representations as to its history and why it filed bankruptcy plaintiff discovered that at the time the plaintiff entered into the APA with the defendant that the representations made by the defendant in Article 5.7 were falsely made with defendant's knowledge of their falsity and with intent to deceive.

29. That at the time the representations were made by the defendant in Article 5.7 of the APA, plaintiff Beldotti Bakeries LLC believed them to be true at the time they were made and relied upon them, and was thereby induced to enter into the APA and sell the above referenced assets to the defendant.

30. Had the plaintiff Beldotti Bakeries LLC known that the representations made by the defendant were false at the time they were made it would not have sold the assets to the defendant and entered into the APA.

**COUNT TWO: MICHAEL BELDOTTI**

31. On or about July 31, 2018, the plaintiff Michael Beldotti and the defendant RM Bakery LLC entered into a written consulting agreement (hereinafter referred to as "the MB Consulting Agreement") attached as Exhibit D to the APA Exhibit 1 which is attached hereto, to assist in the transfer of the plaintiff Beldotti Bakeries LLC's wholesale bakery business doing business as Good Bread Bakery pursuant to the Asset Purchase Agreement.

32. The MB Consulting Agreement was for the term of one year at the rate of pay of $2,500.00 per month to be payable monthly in arrears on the fifth day of the month following the month it was earned.

33. Section 11 of the MB Consulting Agreement provides that in any proceeding to

enforce the terms of the MB Consulting Agreement the prevailing party shall be awarded reasonable attorneys' fees in connection with such enforcement proceeding, which the plaintiff is hereby claiming in this proceeding.

34. The defendant made four payments pursuant to the MB Consulting Agreement and failed to make the remaining eight payments which were due and payable for the consulting work done by the plaintiff Michael Beldotti pursuant to the MB Consulting Agreement.

35. Despite due demand for payment nothing has been paid on the above amounts due.

36. Article 5.7 of the APA provides with regard to "[s]olvency" that, "[p]urchaser is not entering into the Transaction with the intent to hinder, delay or defraud any person to which it is, or may become, indebted. Purchaser's assets, at a fair valuation, exceed its liabilities, and Purchaser is able, and will continue to be able after the Closing of the Transaction, to meet its debts as they mature, including but not limited to the Deferred Amount and the Note Amount, and will not become insolvent as a result of the Transaction. After the Closing of the Transaction, Purchaser will have sufficient capital and property to meet all of its obligations in the ordinary course and in an orderly manner."

37. Defendant knew at the time of making the above representations in Article 5.7 of the APA that Defendant was heavily in debt and that the defendant falsely and fraudulently for the purpose and intention of deceiving and defrauding the plaintiff Michael Beldotti failed to inform the plaintiff Michael Beldotti that it did not have sufficient capital and property to meet all of its obligations in the ordinary course and in an orderly manner, that its assets did not exceed its liabilities at a fair valuation and would not be to after the

closing to meets its debts as they mature including those to the plaintiff Michael Beldotti and that it would not be solvent as a result of the APA.

38. The representation made in Article 5.7 by the defendant was made in order to induce the plaintiff Michael Beldotti to enter into the MB Consulting Agreement in which the defendant received the plaintiff Beldotti Bakeries LLC's wholesale bakery business doing business as Good Bread Bakery.

39. On the filing of defendant's schedules and bankruptcy pleadings, which include the defendant's representations as to its history and why it filed bankruptcy, plaintiff Michael Beldotti discovered that the time the plaintiff entered into the MB Consulting Agreement with the defendant that the representations made in Article 5.7 were falsely made with defendant's knowledge of their falsity and intent to deceive.

40. That at the time the representations were made by the defendant in Article 5.7 of the APA, plaintiff Michael Beldotti believed them to be true at the time they were made and relied thereon, and was thereby induced to enter into the MB Consulting Agreement and assist in the transfer of the wholesale bakery business known as Good Bread Bakery from the plaintiff Beldotti Bakeries LLC to the defendant.

41. Had the plaintiff Michael Beldotti known that the representations made by the defendant were false at the time they were made he would not have entered into the MB Consulting Agreement and assist in the transfer of the wholesale bakery business known as Good Bread Bakery from the plaintiff Beldotti Bakeries LLC to the defendant.

**COUNT THREE: CHRISTOPHER BELDOTTI**

42. On or about July 31, 2018, the plaintiff Christopher Beldotti and the defendant RM Bakery LLC entered into a written consulting agreement (hereinafter referred to as "the

8

CB Consulting Agreement") attached as Exhibit D to the APA Exhibit 1 which is attached hereto as Exhibit A to assist in the transfer of the plaintiff Beldotti Bakeries LLC's wholesale bakery business doing business as Good Bread Bakery pursuant to the Asset Purchase Agreement.

43. The CB Consulting Agreement was for the term of one year at the rate of pay of $2,500.00 per month to be payable monthly in arrears on the fifth day of the month following the month it was earned.

44. Section 11 of the CB Consulting Agreement provides that in any proceeding to enforce the terms of the CB Consulting Agreement the prevailing party shall be awarded reasonable attorneys' fees in connection with such enforcement proceeding, which the plaintiff is hereby claiming in this proceeding.

45. The defendant made four payments pursuant to the CB Consulting Agreement and failed to make the remaining eight payments which were due and payable for the consulting work done by the plaintiff Christopher Beldotti pursuant to the CB Consulting Agreement.

46. Despite due demand for payment nothing has been paid on the above amounts due.

47. Article 5.7 of the APA provides with regard to "[s]olvency" that, "[p]urchaser is not entering into the Transaction with the intent to hinder, delay or defraud any person to which it is, or may become, indebted. Purchaser's assets, at a fair valuation, exceed its liabilities, and Purchaser is able, and will continue to be able after the Closing of the Transaction, to meet its debts as they mature, including but not limited to the Deferred Amount and the Note Amount, and will not become insolvent as a result of the Transaction. After the Closing of the Transaction, Purchaser will have sufficient capital

and property to meet all of its obligations in the ordinary course and in an orderly manner."

48. Defendant knew at the time of making the above representations in Article 5.7 of the APA that Defendant was heavily in debt and that the defendant falsely and fraudulently for the purpose and intention of deceiving and defrauding the plaintiff Christopher Beldotti failed to inform the plaintiff Christopher Beldotti that it did not have sufficient capital and property to meet all of its obligations in the ordinary course and in an orderly manner, that its assets did not exceed its liabilities at a fair valuation and would not be able to after the closing to meets its debts as they mature including those to the plaintiff Christopher Beldotti and that it would not be solvent as a result of the APA.

49. The representation made in Article 5.7 by the defendant was made in order to induce the plaintiff Christopher Beldotti to enter into the CB Consulting Agreement in which the defendant received the plaintiff Beldotti Bakeries LLC's wholesale bakery business doing business as Good Bread Bakery.

50. On the filing of defendant's schedules and bankruptcy pleadings, which include the defendant's representations as to why its history and why it filed bankruptcy, plaintiff Christopher Beldotti discovered that at the time the plaintiff entered into the CB Consulting Agreement with the defendant that the representations made in Article 5.7 were falsely made with defendant's knowledge of their falsity and intent to deceive.

51. That at the time the representations were made by the defendant in Article 5.7 of the APA, plaintiff Christopher Beldotti believed them to be true at the time they were made and relied thereon, and was thereby induced to enter into the CB Consulting Agreement and assist in the transfer of the wholesale bakery business known as Good Bread Bakery

from the plaintiff Beldotti Bakeries LLC to the defendant.

52. Had the plaintiff Christopher Beldotti known that the representations made by the defendant were false at the time they were made he would not have entered into the CB Consulting Agreement and assist in the transfer of the wholesale bakery business known as Good Bread Bakery from the plaintiff Beldotti Bakeries LLC to the defendant.

WHERFORE, plaintiff respectfully prays for the following relief:

1. That Debtor RM Bakery be ordered to amend and supplement Debtor's schedules including but not limited to Official Form 204, Schedule A/B Assets part 11, Schedule E/F part 2, Schedule G so as to show the names, addresses, and dates when the indebtedness to the plaintiffs was incurred, and the correct amounts due all of Debtor's creditors including the plaintiffs.

2. That if the supplemental and amended petition be not received and filed in this Honorable Court on the day and date set by this Honorable Court, then plaintiffs pray that no discharge be granted to the Debtor RM Bakery LLC.

3. That Debtor be denied a discharge, particularly as to the above described debt of defendant to plaintiffs for reasons alleged in the above foregoing complaint

4. That the day and date be set for hearing on this objection to discharge.

5. Plaintiff prays for such other and further relief as to which this Court may deem to be just and proper and for such other and further orders and decrees necessary in the premises.

Dated: August 10, 2020

CREDITOR PLAINTIFFS,
BELDOTTI BAKERIES LLC, MICHAEL
BELDOTTI and CHRISTOPHER
BELDOTTI


BY /s/ Andrew M. La Bella
ANDREW M. LA BELLA, ESQ.
100 WAVERLY ROAD
SCARSDALE, NEW YORK 10583
203-353-8346
FAX 203-353-8658
andrewlabella@yahoo.com
Counsel for the Creditor Plaintiffs