**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> RM Bakery LLC, *et al.*[1] <br><br> Debtor | Chapter 11 <br><br> Case No. 20-11422-mg <br> JOINTLY ADMINISTERED |

## NOTICE OF HEARING ON MOTION OF NATIONAL LABOR RELATIONS BOARD FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. § 503(b)(1)(A)(ii)

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the Motion) of the National Labor Relations Board (the Board) for entry of an Order pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) and Rule 9014 of the Federal Rules of Bankruptcy Procedure for the allowance and payment of administrative expense will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, telephonically unless the judge orders otherwise, on **September 17, 2020 at 10:00 a.m. (Eastern Time) (the Hearing)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the Objections) to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: RM Bakery LLC (7954) and BKD Group LLC (0624).

practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Order Implementing Certain Notice and Case Management Procedures*, entered on February 26, 2018 (ECF No. 35), so as to be filed and received no later than **September 10, 2020 at 4:00 p.m. (Eastern Time) (the Objection Deadline).**

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted to the Board.

Dated: August 24, 2020 at Albany, New York

/s/
_____
Caroline V. Wolkoff (admitted *pro hac vice*)
National Labor Relations Board, Region 3
Leo W. O'Brien Federal Building
11A Clinton Avenue, Room 342
Albany, NY 12207-2350
Phone: (518) 431-4156
E-mail: caroline.wolkoff@nlrb.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) ) ) Chapter 11 ) ) |
| RM Bakery LLC, *et al.*[1] | ) Case No. 20-11422-mg ) JOINTLY ADMINISTERED |
| Debtor | ) ) |

### MOTION OF NATIONAL LABOR RELATIONS BOARD FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. § 503(b)(1)(A)(ii)

The National Labor Relations Board (the Board), through its counsel, submits this Motion for Allowance and Payment of Administrative Expense (the Motion) pursuant to Section 503(b)(1)(A)(ii) of the Bankruptcy Code, 11 U.S.C. § 503(b)(1)(A)(ii), for the payment of post-petition wages and other benefits awarded as backpay pursuant to an Order of the Board. In support of this motion, the Board respectfully states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to federal law as set forth in 28 U.S.C. §§ 1408 and 1409.

3. The Board is the exclusive public agent chosen by Congress to enforce the National Labor Relations Act (the NLRA), 29 U.S.C. §§ 151-169, and is "a [bankruptcy] creditor as respects the back pay awards" it issues. *Nathanson v. NLRB*, 344 U.S. 25, 27 (1952). To wit,

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: RM Bakery LLC (7954) and BKD Group LLC (0624).

the Board is the forum with exclusive authority to evaluate the Debtor's potential unfair labor practice liability and to determine the appropriate amount of backpay. *Id.*

4. The undersigned, Paul J. Murphy, is the Regional Director of Region 3 of the Board and the statutory agent of the claimant authorized under the NLRA to make this motion. Section 8 of the NLRA, 29 U.S.C. § 158, makes certain employer and union conduct illegal as unfair labor practices. Pursuant to Section 10(a) of the NLRA, 29 U.S.C. § 160(a), the Board is empowered to prevent and remedy unfair labor practices, which are prosecuted by the Board's General Counsel and those under their supervision. The undersigned is thereby authorized by the Board to submit this request for allowance and payment of administrative expenses on its behalf for backpay and wages the Debtor owes to its employees under the NLRA based upon the facts described below.

5. The debt in unfair labor practice Case 02-CA-235116 is evidenced by the Second Circuit Court of Appeals Judgment and Mandate, dated December 27, 2019, enforcing the Board's Decision and Order, dated October 8, 2019, finding that the Debtor had committed unfair labor practices within the meaning of Section 8(a)(1) of the NLRA, 29 U.S.C. §§ 158(a)(1) and (5), by, *inter alia¸* terminating or otherwise discriminating against its employees because they engaged in protected concerted activities. The Second Circuit Court of Appeals Judgment and Mandate and the Board's Decision and Order discussing these findings are attached as Exhibits 1 and 2, respectively. Among other things, they require the Debtor to make the affected employees whole by way of reimbursements for any losses they incurred as a result of the discrimination against them.

6. On August 24, 2020, the Board filed a proof of claim with this Court seeking funds to satisfy the Debtor's pre-petition liability, the amount of which was set forth in the proof of claim.

7. Potential backpay liability arising after the filing of the Debtor's bankruptcy petition is an administrative expense. Under § 503(b)(1)(A)(ii) of the Bankruptcy Code, "wages and benefits awarded pursuant to … a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title" is an administrative expense, regardless of "the time of the occurrence of unlawful conduct on which such award is based" or "whether any services were rendered." This Code section encompasses the remedy sought by the Board because the administrative post-petition wages requested herein are attributable to the period beginning on June 15, 2020, the filing date of the Debtor's petition. The Board is not seeking payment of the entire backpay remedy as an administrative expense because portions of the backpay are sought in its proof of claim.

8. Consistent with the Supreme Court's holding in *Nathanson* that "it is the Board ... that has been entrusted by Congress with authority to determine what measures will remedy ... unfair labor practices," computation of the backpay remedy rests properly with the Board. 344 U.S. at 30. Indeed, the *Nathanson* Court held that "wise administration therefore demands that the bankruptcy court accommodate itself to the administrative process and refer to the Board the liquidation of the [backpay] claim." *Id*.

9. The Board's request for payment of administrative expenses herein is based on the Board's Order, dated May 9, 2018, which requires the Debtor to make the affected employees whole by way of reimbursements for any losses they incurred because the Debtor terminated or otherwise discriminated against them because they engaged in protected concerted

activities. This motion for administrative expenses covers the period of time from June 15, 2020 through August 12, 2020. The Debtor's post-petition liability is currently estimated at $29,682.40. This is a combined figure that includes wages, interest, excess tax liability, and the carryover amount of backpay and interest from the period preceding Debtor's petition over the maximum amount that can receive wage claim priority. Exhibit 3 attached herein sets forth calculations of Debtor's administrative expenses.

10. The Board estimates that a total of five employees suffered post-petition lost wages as a result of the Debtor's unfair labor practices. The amounts set forth in Exhibit 3 were calculated by the Board based on records provided by the Debtor.

**WHEREFORE**, the Board respectfully submits this Motion for Allowance and Payment of Administrative Expense and requests that, after notice and hearing, the Court issue an order granting the Motion allowing the National Labor Relations Board an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) in the amount of $29,682.40.

Dated: August 24, 2020.

                    Respectfully submitted,

                    /s/
                    **PAUL J. MURPHY**
                    Regional Director
                    National Labor Relations Board, Region 3
                    Niagara Center Building
                    130 South Elmwood Avenue, Suite 630
                    Buffalo, NY 14202