Presentment Date: October 28, 2020
Presentment Time: 10:00 a.m.

**Mayerson & Hartheimer, PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor[1]
New York, NY 10022
Tel: (646) 778-4381
Fax: (646) 778-4384
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>RM BAKERY LLC, *et al.,* [2]<br><br><br>Debtors. | Chapter 11<br><br><br>Case No. 20-11422 (MG)<br>Jointly Administered |

**APPLICATION OF DEBTORS FOR ENTRY OF ORDER ESTABLISHING**
**DEADLINE FOR FILING PROOFS OF CLAIM AND PROCEDURE RELATING**
**THERETO AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

 RM Bakery LLC ("**RMB**"), and BKD Group LLC, ("**BKD**"), the debtors and

debtors-in-possession herein (collectively, the "**Debtors**"), by and through their proposed counsel,

Mayerson & Hartheimer, PLLC, submit this application (the "**Application**") seeking entry of an

---

[1] During the Pendency of the COVID-19 pandemic, please address all mail to our temporary address: 48 Seneca Street, Dobbs Ferry, NY 10522.
2. The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: RM Bakery LLC (7954) and BKD Group LLC (0624).

1

Order, pursuant to § 501 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), fixing a deadline by which all entities must file proofs of claim, and approving the form and manner of notice thereof. In support of their Application, the Debtors respectfully submit as follows:

## Background

1.      On June 15, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are authorized to maintain possession of their property and the management of their business affairs and manage their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no creditors' committee has been formed in these Chapter 11 Cases, and no trustee or examiner has been appointed.

2.      By an order entered on June 25, 2020, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered.

3.      RMB is a wholesale artisanal bread and pastry bakery located in the Bronx, New York, that produces over 400 different breads and pastries. RMB is wholly owned by BKD, which, has also guaranteed some of RMB's debt.

4.      On June 18, 2020, Debtors filed their schedules of assets and liabilities and statement of financial affairs. The Debtors filed amendments to their Schedules E/F and Schedule H on July 23, 2020.

## Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § § 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6.      By this Application, the Debtors seek the entry of an order, substantially in the

form annexed hereto as **Exhibit A** (the **Proposed Order**"),  establishing the last date to file

proofs of claim, pursuant to section 502(b)(9) of the Bankruptcy Code, Rules 2002 and

3003(c)(3) of the Bankruptcy Rules,  Rule 3003 -1 of the Local Bankruptcy Rules for the

Southern District of New York (the "**Local Rules**"), and the United States Bankruptcy Court for

the Southern District of New York Procedural Guidelines for Filing Request for Orders to Set the

Last Date for Filing Proofs of Claim (the "**Guidelines**") with the following provisions:

   a.  Establishing **December 9, 2020, at 5:00 p.m. (Prevailing Eastern Time)** as
       the deadline for each and every person (as defined in § 101(41) of the
       Bankruptcy Code), excluding governmental units (as defined in § 101(27) of
       the Bankruptcy Code ( the "**Governmental Units**"), to file a proof of claim
       (each a "**Proof of Claim**") in respect of a claim (as defined in § 101(5) of the
       Bankruptcy Code) against the Debtors which arose on or prior to the Petition
       Date, including, for the avoidance of doubt, secured claims, priority claims,
       and the claims arising under section 503(b)(9) of the Bankruptcy Code (such
       deadline, the "**General Bar Date**");

   b.  Establishing **December 14, 2020, at 5:00 p.m. (Prevailing Eastern Time)** as
       the deadline for Governmental Units to file a Proof of Claim in respect of a
       prepetition claim against the Debtors (such deadline, the "**Governmental Bar
       Date**").

   c.  Establishing **the later of (i) the General Bar Date or the Governmental Bar
       Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the
       date that is 30 days from the date on which the Debtors provided notice of
       an amendment or supplement to the Schedules** as the deadline by which
       claimants holding claims affected by such amendment or supplement must file
       Proofs of Claim with respect to such claim (the "**Amended Schedules Bar
       Date**");

   d.  Establishing **the later of (i) the General Bar Date or the Governmental Bar
       Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the
       date that is 30 days following service of an order approving rejection of**

3

**any executory contract or unexpired lease of the Debtors** as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection (the "**Rejection Damages Bar Date**" and, together with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**");

e.    Approving the proposed procedure for filing proofs of Claim;

f.    Approving the proposed procedures for notice of the Bar Dates, including the form of notice substantially in the form annexed as **Exhibit 1** to the Proposed Order (the "**Bar Date Notice**"); and

g.    Approving the proposed Proof of Claim form (the "**Claim Form**"), substantially in the form annexed as **Exhibit 2** to the Proposed Order.

## The Proposed Bar Dates

**A.  Summary**

7.    Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim may be filed. Moreover Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in the Debtors' Schedules of assets and liabilities (the "**Schedules**") or (b) is scheduled as disputed, contingent, and/or unliquidated must file a Proof of Claim by a deadline fixed by the Court. Bankruptcy Rule 3003(c)(2) further provides that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purpose of voting and distribution." Fed R. Bankr. P. 3003(c)(2).

8.    Here the Debtors propose to allow at least thirty (30) days' notice of each of the Bar Dates. Additionally, the Debtors propose to allow one-hundred and eighty (180) days from the Petition Date for the Governmental Bar Date. The Debtors respectfully submit that the proposed Bar Dates and the procedures set forth below (the "**Procedures**") will provide the Debtor's creditors adequate notice and an ample opportunity to prepare and file Proofs of Claim.

9.      The Local Rules and the Guidelines established by the Board of Judges for the Southern District of New York (General Order M-386, as amended by General Order M-453) require that all requests for orders establishing deadlines for filing Proofs of Claim conform substantially to the standard form of order and notice set forth in the Guidelines, which this request does.

10.     Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed. The Debtors anticipate that, within five days after the date that an order is entered approving this Application and establishing the Bar Dates (the "**Bar Date Order**"), they will effectuate service of the notice of the Bar Dates and a proof of claim form upon all known entities holding potential prepetition claims.

### B.  The General Bar Date

11.     The Debtors request that the Court establish **December 9, 2020, at 5:00 p.m. (Prevailing Eastern Time)** as the General Bar Date. The General Bar Date would be the date by which any persons or entity (including individuals, partnerships, corporations, joint ventures, trusts, but not including Governmental Units) must file a Proof of Claim in respect of a prepetition claim (as defined in § 101(5) of the Bankruptcy Code), including secured claims, unsecured priority claims, unsecured nonpriority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors, so that Proofs of Claim are actually received by Epiq Corporate Restructuring, LLC, the Debtors' claims and noticing agent ("**Epiq**"), on or before the General Bar Date unless such person's or entity's claim falls within one of the exceptions set forth in this Application.

### C.      The Governmental Bar Date

12.      Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. § 502(b)(9).

13.      The Debtors request that the Court establish **December 14, 2020, at 5:00 p.m. (Prevailing Eastern Time)** as the Governmental Bar Date in these chapter 11 cases. The Governmental Bar Date would apply to all Governmental Units holding claims against the Debtors (without limitation, whether secured, unsecured, priority secured, or unsecured non-priority) that arose prior to the Petition Date, including Governmental Units with claims against the Debtors for unpaid taxes, whether such claims arose from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All Governmental Units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by Epiq on or before the Governmental Bar Date.

### D.      The Amended Schedules Bar Date

14.      In the event the Debtors  amend or supplement their schedules, the Debtors request that the Court establish **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time), on the date that is thirty (30) days from the date on which the Debtors provide notice of the amendment or supplement to the Schedules**, as the deadline on or before which a claimant holding claims affected by such amendment or supplement must file Proofs of Claim with respect to such claim, so that such Proofs of Claim are actually received by Epiq on or before the Amended Schedules Bar Date.

### E.  The Rejection Bar Date

15.    The Debtors request that the Court establish **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtors**, as the deadline on or before which a claimant holding claims for damages arising from such rejection must file Proofs of Claim with respect to such rejection, so that such Proofs of Claim are actually received by Epiq on or before the Rejection Damages Bar Date. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damage claim) must file a Proof of Claim for such amount on or before the General Bar Date, the Governmental Bar Date, or the Amended Schedules Bar Date, as applicable.

### The Proposed Procedures for Filing Proofs of Claim

16.    The Debtors propose the following Procedures for filing Proofs of Claim:

a.    Proofs of Claim must conform substantially to the Claim Form or Official Bankruptcy Form No. 410 (the "**Official Form**");[3]

b.    Proofs of Claim must be filed (i) electronically through  Epiq's Proof of Claim website for these cases at http://dm.epiq11.com/case/rmb, by following instructions for filing proofs of claim electronically; (ii) by mailing the original proof of claim by U.S. Postal Service mail to Epiq's Claims Processing Center for the Debtors at RM Bakery LLC, BKD Group, Claims Processing Center; c/o Epic Corporate Restructuring, LLC; P.O. Box 4420, Beaverton, OR 97076-4420; or (iii) by delivery of  the original Proof of Claim by overnight delivery or by hand to Epiq's Claims Processing Center for the Debtors at 10300 SW Allen Boulevard, Beaverton, OR 97005.

c.    Proofs of Claim will be deemed filed only when received by Epiq on or

---

[3]  The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts. The Claim Form can also be found at http://dm.epiq11.com/case/rmb, the website established by Epiq for the Debtors Chapter 11 cases.

before the applicable Bar Date;

d.      Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency;

e.      Proofs of Claim must specify by name and case number the Debtor against which the claim is filed. If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor. If the claim holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed only against RMB. If the claim holder files a Proof of Claim without identifying a debtor, such Proof of Claim will be deemed as filed only against RMB;

f.      Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted. For the avoidance of doubt, filing electronically through Epiq's electronic proof of claim website, as set forth in Paragraph 17(b)(i) above, is permissible; however, filing by electronic <u>mail</u> is prohibited;

g.      The following persons (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to claims described below:

(i)      any person or entity that has already filed a Proof of Claim against the Debtors in the above-captioned cases in a form substantially similar to the Claim Form or the Official Form and otherwise in compliance with these Procedures;

(ii)      any person or entity whose claim is listed in the Schedules filed by the Debtors, provided that (x) the claim is **not** scheduled as "disputed", "contingent" and/or "unliquidated"; and (y) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (z) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(iii)      any holder of a claim that heretofore has been allowed by order of the Court;

(iv)      any person or entity whose claim has been paid in full;

(v)      any holder of a claim for which specific deadlines have previously

been fixed by the Court;

(vi)    any holder of a claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such security or interest; provided that if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures; or

(vii)   any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code).

### Consequence of Failure to File a Proof of Claim

17.    As stated above, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or scheduled as disputed, contingent, or unliquidated that fails to file a Proof of Claim by the Bar Date "shall not be treated as a creditor with respect to such claim for purposes of voting or distribution." Fed. R. Bankr. P. 3003(c)(2). Accordingly, the Debtors request that any holder of a claim against either of the Debtors that is required to file a Proof of Claim in accordance with the Proposed Order, but fails to do so on or before the applicable Bar Date, shall (a) be forever barred, estopped, and enjoined from asserting such a claim against the Debtors, their property, or their estates (or submitting a Proof of Claim with respect thereto), and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any Chapter 11 plan or plans of reorganization that may be filed in these Chapter 11 cases.

## Notice of the Bar Dates

18.    Pursuant to Bankruptcy Rules 2002(a)(7) and (f), and the Guidelines, the Debtors

propose providing notice of the bar dates in accordance with the following procedures:

(a)    The Debtors shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice
to the following parties, at least thirty-five (35) days prior to the General Bar Date:

    (i)    the United States Trustee;

    (ii)    all known creditors and other known holders of potential claims against
either of the Debtors' estates;

    (iii)    all counterparties to the Debtors' executory contracts and unexpired leases
at the addresses stated therein or as updated pursuant to a request by the
counterparty or by return mail from the post office with a forwarding
address;

    (iv)    all parties to pending litigation against the Debtors (as of the date of the
entry of the Proposed Order);

    (v)    all parties who have requested notice pursuant to Bankruptcy Rule 2002
(as of the date of the entry of the Proposed Order);

    (vi)    the Internal Revenue Service for the district in which the case is pending
and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange
Commission and any other required governmental unit; and

    (vii)    such additional persons and entities as deemed appropriate by the Debtors.

(b)    With regard to those holders of claims listed in the Schedules, the Debtors shall
mail one or more Claim Forms (as appropriate), indicating on the form how the
Debtors have scheduled such creditor's claim in the Schedules (including the
identity of the Debtor, the amount of the claim, and whether the claim has been
scheduled as contingent, unliquidated and/or disputed).

## The Bar Date Notice

19.    The proposed Bar Date Notice substantially conforms to the form annexed to the

Guidelines. Specifically, the Bar Date Notice notifies parties of:

(a)    the Bar Date;

(b)    who must file a Proof of Claim;

(c)     the Procedures for filing a Proof of Claim;

(d)     the consequence for failing to timely file a Proof of Claim; and

(e)     where parties can find additional information.

**The Proposed Bar Date and Procedures Are**
**Reasonably Calculated to Provide Due and Proper Notice**

20.     Bankruptcy Rule 2002(a)(7) requires the Debtors to provide at least twenty-one

(21) days' notice of the time fixed for filing Proofs of Claim. Bankruptcy Rule 2002(p)(2) requires

at least thirty (30) days' notice to creditors with a foreign address. The Guidelines provide that

creditors should be given at least thirty-five (35) days' notice after the mailing date.

21.     Under the Proposed Order, the Debtors will be providing at least thirty-five (35)

days' notice to all known creditors, more than is required under the Bankruptcy Code, the

Bankruptcy Rules, and as suggested by the Guidelines. If the Court enters the Proposed Order on

or about October 29, 2020, which is seven (7) days from the date hereof, Epiq's mailing would be

completed by no later than November 3, 2020, which is thirty-five (35) days before the Proposed

General Bar Date of December 9, 2020. Accordingly, the Debtors submit that the proposed Bar

Dates and Procedures provide sufficient time for all parties in interest, including foreign creditors,

if any, to assert their claims. Furthermore, because the proposed Procedures will provide notice to

known interested parties by mail, the Debtors submit that the proposed Procedures are reasonably

calculated to provide notice to all parties that may wish to assert a claim in these Chapter 11 Cases.

22.     Epiq will also post the Claim Form, along with instructions for filing a Proof of

Claim, on the website established in these Chapter 11 cases (http://dm.epiq11.com/case/rmb). The

Bar Date Notices will also provide that the Debtors' Schedules may be accessed through the same

website or by contacting Epiq at (212) 225-9200 or by email at RMBakery@epiqglobal.com.

23.     Accordingly, the Debtors submit that no further or other notice of the Bar Dates is necessary, and the proposed Procedures provide due and proper notice of the Bar Dates.

## Objection to Claims and Reservation of Rights

24.     The Debtors reserve all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds. The Debtors also reserve all rights and defenses to any claim listed in the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses thereto.

25.     Furthermore, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims **not** subject to the Bar Dates must file a Proof of Claim against the Debtors or be forever barred from doing so.

26.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interest of their estates and creditors, and should be granted in all respects.

## Notice of this Application and Proposed Order

27.     Notice of this Application has been provided to (i) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick St., Room 1006, New York, NY 10014, Attn. Richard C. Morrissey (the "**U.S. Trustee**"); (ii) the Debtors secured creditors; (iii) the Debtors twenty-five (25) largest unsecured creditors; (iv) FS Lender 2015 LLC, 220 E. 42nd St., 29th Floor, NY, NY 10016, (the DIP Lender); (v) Counsel to FS Lender 2015 LLC, Dov R. Kleiner, Kleinberg Kaplan, 500 5th Avenue, New York, NY 10110; (vi) Counsel to Pacific Western Bank, Successor by Merger to Square 1 Bank, Brett S. Moore, Esq. and Kelly D. Curtin, Esq., Porzio, Bromberg & Newman, P.C., 156 West 56th Street, Suite 803, New York, NY 10019; and

(vii) all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

### **No Prior Request**

28.    No prior request for the relief sought in this Application has been made to this Court or any other court in connection with these Chapter 11 cases.

WHEREFORE the Debtors respectfully requests entry of the proposed order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  October 21, 2020
          New York, New York

                              MAYERSON & HARTHEIMER PLLC

                              By:      */s/ David H. Hartheimer, Esq.*
                                       David H. Hartheimer, Esq.
                                       Sandra E. Mayerson, Esq.
                                       845 Third Avenue, 11th Floor
                                       New York, NY 10022
                                       Tel: (646) 778-4381
                                       Fax: (646)778-4384
                                       david@mhlaw-ny.com
                                       sandy@mhlaw-ny.com

                                       *Proposed Counsel for the Debtors*
                                       *and Debtors in Possession*

# **Exhibit A**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RM BAKERY LLC, *et al.,* [1] | |
| Debtors. | Case No. 20-11422 (MG)<br>Jointly Administered |

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") fixing deadlines and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      Except as otherwise provided herein, pursuant to section 502(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2002 and 3003(c)(3), Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the United States Bankruptcy Court for the Southern District of New York's Procedural Guidelines for Filing Request for Orders to Set the Last Date for Filing Proofs of Claim, updated as of December 1, 2015 (the "**Guidelines**"), all persons and entities, (including, without limitation, individuals,

---

1. The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: RM Bakery LLC (7954) and BKD Group LLC (0624).

1

partnerships, corporations, joint ventures, and trusts, other than governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors, which arose on or prior to the filing of the Chapter 11 petitions on June 15, 2020 (the "**Petition Date**"), including claims asserted under § 503(b)(9) of the Bankruptcy Code, shall file a proof of such a claim in writing or electronically in accordance with the procedures below so that it is received on or before December 9, 2020, at 5 PM Prevailing Eastern Time (the "**General Bar Date**").

2.      Notwithstanding any other provision hereof, proofs of claim filed by governmental units (as defined in § 101(27) of the Bankruptcy Code) must be filed on or before December 14, 2020, at 5 PM Prevailing Eastern Time (the date that is one hundred eighty (180) days after the date of the order for relief) (the "**Governmental Bar Date**").

3.      Notwithstanding any other provision hereof, claimants must file proofs of claim with respect to amendments or supplements to the Debtors' schedules of assets and liabilities (the "**Schedules**") on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 PM Prevailing Eastern Time on the date that is thirty (30) days from the date on which the Debtors provide notice of previously unfiled Schedules (as defined herein) or an amendment or supplement to the Schedules (the "**Amended Schedules Bar Date**").

4.      Notwithstanding any other provision hereof, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 PM Prevailing Eastern Time on the date that is thirty (30) days after entry of the order authorizing such rejection (the "**Rejection Damages Bar Date**", and together with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**"). For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is

2

permitted to file a single proof of claim on account of its claim arising under the applicable contract or lease agreement (including claims for prepetition defaults) and rejection damages. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damage claim) must file a Proof of Claim for such amount on or before the General Bar Date, the Governmental Bar Date, or the Amended Schedules Bar Date, as applicable.

5.      The (i) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Exhibit 1** (the "**Bar Date Notice**") and (ii) model proof of claim form (the "**Claim Form**"), substantially in the form annexed hereto as **Exhibit 2**, are approved.

6.      The following procedures for the filing of proofs of claim (the "**Procedures**") shall apply:

(a)      Proofs of claim must conform substantially to Official Bankruptcy Form No. 410 (the "**Official Form**");[2]

(b)      Proofs of claim must be (i) filed through the Epiq's Proof of Claim website for these cases at http://dm.epiq11.com/case/rmb by filing proofs of claim electronically; (ii) by mailing the original proof of claim by U.S. Postal Service mail to Epiq's Claims Processing Centers for the Debtors at RM Bakery LLC, BKD Group, Claims Processing Center; c/o/ Epiq Corporate Restructuring, LLC; P.O. Box 4420, Beaverton, OR 97076-4420; or (iii) by overnight mail or by hand to RM Bakery LLC, BKD Group, Claims

---

[2] The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts. The Claim Form can be found at http://dm.epiq11.com/case/rmb, the website established by Epiq for the Debtors' chapter 11 cases.

Processing Center, c/o/ Epiq Corporate Restructuring, LLC, 10300 SW
Allen Blvd., Beaverton, OR 97005;

(c)    Proofs of claim will be deemed filed only when <u>received</u> by Epiq on or
before the applicable Bar Date;

(d)    Proofs of claim must (i) be signed; (ii) include supporting documentation (if
voluminous, attach a summary) or an explanation as to why documentation
is not available; (iii) be in the English language; and (iv) be denominated
in United States currency;

(e)    Proofs of claim must specify by name and case number the Debtor against
which the claim is filed. If the holder asserts a claim against more than one
Debtor or has claims against different Debtors, a separate proof of claim
form must be filed with respect to each Debtor. If the holder files a proof
of claim without identifying a Debtor, or identifying multiple Debtors,
such proof of claim will be deemed as filed only against RM Bakery LLC;

(f)    Proofs of claim sent by facsimile, telecopy, or electronic mail transmissions
**<u>will not</u>** be accepted or deemed filed.

7.    Persons or entities holding the following types of claims need not file a proof of
claim on or prior to the Bar Dates in respect of such claims:

(a)    Any claim as to which the holder has already filed a proof of claim against
the Debtors in the above-captioned case in a form substantially similar to the
Claim Form or the Official Bankruptcy Form and otherwise in compliance
with these Procedures;

(b)    Any claim that is listed on the Schedules filed by the Debtors, provided that (i)

4

the claim is <u>not</u> scheduled as "disputed", "contingent" and/or "unliquidated";

<u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of

the claim as set forth in the Schedules; <u>and</u> (iii) the claimant does not dispute

that the claim is an obligation of the specific Debtor against which the claim

is listed in the Schedules;

(c)     Any claim that heretofore has been allowed by Order of this Court;

(d)     Any claim that has been paid in full;

(e)     Any claim for which different specific deadlines have previously been fixed
by this Court;

(f)     Any claim by a Debtor against another Debtor;

(g)     Any claim that asserts an equity security interest in the Debtors, which
interest is based exclusively upon the ownership of common or preferred
units, membership interests, partnership interests, or warrants, options, or
rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u>
that if any holder asserts such a claim (as opposed to an ownership interest)
against the Debtors (including a claim relating to an equity interest or the
purchase or sale of such equity interest), a proof of claim must be filed on or
before the applicable Bar Date pursuant to the Procedures; or

(h)     Any claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code
as an expense of administration of the Debtors' estates.

8.     Claims arising under section 503(b)(9) must be filed by the deadlines set forth in this

Order.

9.     Nothing in this Order shall prejudice the right of the Debtors or any other party-in-interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

10.    Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in the appropriate form shall (i) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or submitting a proof of claim with respect thereto), and (ii) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any Chapter 11 plan or plans of reorganization that may be filed in these cases.

11.    The Debtors shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice, which shall be deemed adequate and sufficient notice if served by first-class mail at least thirty-five (35) days prior to the applicable Bar Dates upon:

(a)    the United States Trustee;

(b)    counsel to each official committee, if any;

(c)    all known creditors and other known holders of potential claims against any of the Debtors' estates;

(d)    all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by return mail from the post office with a forwarding address;

(e)    all parties to pending litigation against the Debtors (as of the date of the entry of the Proposed Order);

(f)    all persons or entities that have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Proposed Order);

(g)    all persons or entities that have filed claims;

6

(h)    all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(i)    The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and

(j)    Such additional persons and entities as deemed appropriate by the Debtors.

12.    Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

13.    The Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

14.    Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this court fixing a date which holders of claims or interest not subject to the Bar Dates established herein must file such proofs of claim or interest or must be barred from doing so.

Dated:  New York, New York
_____, 2020

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

## **Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| RM BAKERY LLC, *et al.,* [1] |  |
|  | Case No. 20-11422 (MG) |
|  | Jointly Administered |
| Debtors. |  |

**NOTICE OF DEADLINES**
**REQUIRING FILING OF PROOFS OF CLAIM**

The United States Bankruptcy Court for the Southern District of New York (the
"**Bankruptcy Court**") has entered an Order (the "**Bar Date Order**") establishing **December 9,
2020, at 5:00 p.m. (Prevailing Eastern Time)** as the last date for each person (excluding
"governmental units," as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim
(such deadline, the "**General Bar Date**") against either of the debtors identified below (the
"**Debtors**").

The General Bar Date and the procedures set forth below for filing proofs of claim apply
to all claims against the Debtors that arose prior to June 15, 2020 (the "**Petition Date**"), the date
on which the Debtors commenced cases under chapter 11 of title 11 of the United States Code,
11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), including claims arising under § 503(b)(9) of
the Bankruptcy Code, and excluding claims held by those listed in Section 4 below that are
specifically excluded from the Bar Date filing requirement. "Governmental Units" (as defined in
§ 101(27) of the Bankruptcy Code) have until **December 14, 2020, at 5:00 p.m. (Prevailing
Eastern Time)**, the date that is one-hundred and eighty (180) days after the order for relief (the
"**Governmental Bar Date**"), to file proofs of claim against the Debtors.

Counterparties to the Debtors' executory contracts and unexpired leases have until the later
of (i) the General Bar Date, and (ii) thirty (30) days after the entry of the order authorizing rejection
of such contract or leases (the "**Rejection Damages Bar Date**") to file proofs of claim for rejection
damages against the Debtors.

With respect to amendments or supplements to the Debtors' schedules of assets and
liabilities (the "**Schedules**"), claimants have until the later of (i) the General Bar Date or the
Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (**Prevailing Eastern Time**) on the date
that is thirty (30) days from the date on which the Debtors provided notice of an amendment or
supplement to the Schedules (the "**Amended Schedules Bar Date**", and together with the General
Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "**Bar Dates**"), to

---

1. The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are
as follows: RM Bakery LLC (7954) and BKD Group LLC (0624).

1

file proofs of claim against the Debtors.

The Bar Date Order, the Bar Dates, and the procedures set forth below for filing proofs of claim apply to claims against either or both RM Bakery LLC and/or BKD Group LLC.

## 1.  WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to the Petition Date, and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under Section 101(5) of the Bankruptcy Code, and as used in this notice, the word "claim" means: a right to (a) payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.  WHAT TO FILE

Your filed proof of claim MUST conform substantially to Official Form No. 410 (the "**Official Form**"). The Debtors are enclosing a case-specific proof of claim form for use in these cases (the "**Claim Form**"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**"), the proof of claim form also sets forth the amount of your claim as listed on the Schedules, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different proof of claim form for each claim listed in your name on the Schedules. You may utilize the proof of claim form(s) provided by the Debtors to file your claim. Additional proof of claim forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Epiq Corporate Restructuring, LLC, located at http://dm.epiq11.com/case/rmb, or (b) the Bankruptcy Court's website located at www.uscourts.gov./forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your proof of claim form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such financial account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR OR HAVE CLAIMS AGAINST DIFFERENT DEBTORS, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. IF YOU FILE A PROOF OF CLAIM WITHOUT IDENTIFYING A DEBTOR, SUCH PROOF OF CLAIM WILL BE DEEMED AS FILED ONLY AGAINST RM BAKERY LLC. THE DEBTORS AND THEIR CASE NUMBERS FOR THESE CONSOLIDATED CASES ARE: (I) RM BAKERY LLC, CASE NO. 20-11422; AND (II) BKD GROUP LLC, CASE NO. 20- 11423.

3.      **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before December 9, 2020 (Prevailing Eastern Time) (**for all persons except Governmental Units), hi on do you have the notice in front of you any chance can you pull it up as I have another question I'm sorry to bother you but I want to make sure this is right or **December 14, 2020 (Prevailing Eastern Time)** (for all Governmental Units) as follows:

IF BY U.S. POSTAL SERVICE MAIL:

> RM Bakery LLC, BKD Group, Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4420
> Beaverton, OR 97076-4420

IF DELIVERED BY HAND OR OVERNIGHT DELIVERY:

> RM Bakery LLC, BKD Group, Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Blvd.
> Beaverton, OR 97005, or

IF DELIVERED ELECTRONICALLY:

The website established by Epiq, using the interface available on such website located at http://dm.epiq11.com/case/rmb (the "**Electronic Filing System**") and following the instructions provided.

Proofs of claim will be deemed filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the applicable Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission. For the avoidance of doubt, claims filed electronically through the Epic website, as set forth above, is permissible, however, filing a proof of claim by emailing the proof of claim to Epiq's email address, is prohibited.

### 4.  WHO NEED **NOT** FILE A PROOF OF CLAIM

Persons or entities holding the following types of claims need <u>not</u> file a proof of claim on or prior to the applicable Bar Date in respect of such claim:

a.    any claim that has already been asserted in a proof of claim against either or both of the  Debtors in the above-captioned cases in a  form substantially similar to the Claim Form or the Official Form and otherwise in compliance with the procedure set forth in this notice;

b.    any claim that is listed on the Schedules (as amended from time to time) filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," and/or "unliquidated"; <u>and</u> (ii) the  claimant  does  not  disagree with the amount, nature and priority of the claim as set forth in the  Schedules; <u>and</u> (iii) the claimant does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any claim that heretofore has been allowed by Order of the  Court;

d.    any claim that has been paid in full;

e.    any claim for which a different deadline has previously been  fixed by  this Court;

f.    any claim by one Debtor against another Debtor, or by any of the non-debtor subsidiaries of the Debtors against either or both  of the Debtors;

g.    any claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates; or

h.    any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, member interests, partnership interests, or warrants, options, or rights to purchase, sell or subscribe to such a security interest; <u>provided,</u> that if any holder assert such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of claim must be filed on or before the applicable Bar Date pursuant to the procedures set forth in this notice.

This notice is being sent to many persons and entities that have had some  relationship  with or have done business with the Debtors but may not have an unpaid claim against the  Debtors. **The fact that you have received this notice does not mean that you have a claim or  that the Debtors or the Court believe that you have a claim  against the Debtors.**

### 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim on or before the Rejection Damages Bar Date. For the avoidance of doubt, a party to an executory contract and/or an unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease is permitted to file a single proof of claim for such amounts and rejection damages.   Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damage claim) must file a Proof of Claim for such amount on or before the General Bar Date, the Governmental Bar Date, or the Amended Schedules Bar Date, as applicable.

### 6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER,  AS SET FORTH IN SECTION 4 ABOVE, AND THAT  FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, SHALL <u>NOT</u>  BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF  VOTING ON ANY PLAN  OF REORGANIZATION FILED IN THESE CASES AND  PARTICIPATING IN  ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF  SUCH CLAIM.

### 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in  the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions  set forth on the enclosed proof of claim form(s) regarding the nature, amount, and status of your  claim(s). If you received post-petition payments from the Debtors (as authorized by the Court) on  account of your claim(s), the enclosed proof of claim form(s) will reflect the net amount of your claims. If the Debtors believe that you hold claims against one or more than one Debtor, you will  receive multiple proof of claim forms, each of which will reflect the nature and amount of your  claim against one Debtor, as listed in the Schedules.

IF YOU RELY ON THE DEBTORS' SCHEDULES OR THE ENCLOSED PROOF OF CLAIM FORM(S), IT IS YOUR RESPONSIBILITY TO DETERMINE THAT THE CLAIM IS ACCURATELY LISTED ON THE SCHEDULES.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only  against the Debtor specified by the Debtors, and if your claim is not described as   "disputed," "contingent," and/or "unliquidated," you need <u>not</u> file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this  notice.

5

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on (a) the website established by Epiq for the Debtors' cases at http://dm.epiq.11.com/case/rmb, and (b) on the Court's website at http://www.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("**PACER**") are required to access this information on the Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Offices of the Clerk of the Bankruptcy Court, located at One Bowling Green, New York, NY 10004-1408. Parties are advised, however, to check with the Court in advance to ascertain whether the Court is open during the pendency of the Covid-19 pandemic. Copies of the Debtors' Schedules also may be obtained by request to Epiq:

RM Bakery LLC, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005
Toll Free: (212) 486-4809
Email: rmbakery@epiqglobal.com

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York         **BY ORDER OF THE COURT**
   _____, 2020

  */s/ David H. Hartheimer, Esq.*
  David H. Hartheimer, Esq.

  /s/ *Sandra E. Mayerson, Esq.*
  Sandra E. Mayerson, Esq.

  Proposed Counsel for the Debtor and Debtor in Possession
  Mayerson & Hartheimer, PLLC
  845 Third Avenue, 11th Floor
  New York, NY 10022
  Tel: (646) 778-4381
  Fax: (646)778-4384
  david@mhlaw-ny.com
  sandy@mhlaw-ny.com

# **Exhibit 2**

## **Claim Form**

# Instructions for Proof of Claim

United States Bankruptcy Court

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**
- **Fill in the caption at the top of the form.** The full list of debtors is provided under the overview section on the Claims Agent's website: http://dm.epiq11.com/RMB.
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.) Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**
- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (http://dm.epiq11.com/RMB) to view your filed form under "Claims."

## Where to Send Proof of Claim Form
### First-Class Mail:

**RM Bakery LLC; BKD Group Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**PO Box 4420**
**Beaverton, OR 97076-4420**

## Hand Delivery or Overnight Mail:

**RM Bakery LLC; BKD Group Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

## Understand the terms used in this form

**Administrative expense**: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim**: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor**: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor**: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy**: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim**: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim**: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information**: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a)**: A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim**: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

**United States Bankruptcy Court for the Southern District of New York**
**RM Bakery LLC; BKD Group Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4420**
**Beaverton, OR 97076-4420**

Name of Debtor:

Case Number:

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

# Proof of Claim (Official Form 410)

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☐ No  ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number      Street

City              State        ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**Where should payments to the creditor be sent?** (if different)

Name _____

Number      Street

City              State        ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**

☐ No

☐ Yes.    Claim number on court claims register (if known) _____

Filed on _____
            MM  / DD  / YYYY

**5.  Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes.  Who made the earlier filing?

_____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.  Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7.  How much is the claim?**

$_____.

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ **Real estate.**  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                          $_____

**Amount of the claim that is secured:**     $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any**
**default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)     _____%

                                          ☐ Fixed   ☐ Variable

☐ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

☐ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

\*  Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
| --- | --- |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date     _____     _____

                    MM / DD / YYYY          Signature

**Print the name of the person who is completing and signing this claim:**

Name     _____

            First name                 Middle name              Last name

Title     _____

Company  _____

            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____

            Number          Street

         _____

            City                              State        ZIP Code

Contact Phone  _____     Email  _____